**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No.: 3:19-cv-03098-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| PALMETTO PRECAST INCORPORATED | ) | |
| and KATHY METTS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for review of the Government's Motion for Permanent Injunction by Default Against Defendants (ECF No. 14), pursuant to Federal Rule of Civil Procedure 55(b).  For the reasons set forth herein, the court **GRANTS** the Government's Motion as set forth below.

## I.      FACTUAL AND PROCEDURAL BACKGROUND[1]

This case arises from unpaid federal taxes.  Palmetto Precast Incorporated ("Palmetto") is a masonry business in Columbia, South Carolina.  (ECF No. 1 at 3 ¶ 8.)  Defendant Kathy Metts ("Metts") is the sole owner of Palmetto.  (*Id.* at 2 ¶ 6.)   Since 2011, Palmetto has failed to meet its employment tax obligations to the United States.  (*Id.*)  Palmetto was provided notice of the assessment of liabilities by a delegate of the Secretary of the Treasury but has failed to fully pay the assessments and "owes $190,843.94 in unpaid employment taxes, plus penalties and interest as of October 15, 2019, plus interest thereon."  (*Id.* at 4 ¶ 10.)  To collect these funds, the Internal Revenue Service ("IRS") met with Metts and explained the requirement of making timely deposits and payments, called Metts about setting up a payment plan, and "mailed Letter 903 - You Haven't

---

[1] The factual background comes from allegations in the Complaint.  (*See* ECF No. 1.)

Deposited Federal Employment Taxes - informing Palmetto of its delinquency." (*Id.* at 5 ¶ 14.) Additionally, the IRS issued levies to banks where Palmetto has accounts and those with accounts payable to Palmetto. (*Id.* at 5–6 ¶ 15.) However, Palmetto's accounts have produced "minimum funds" and Palmetto "has inadequate assets to satisfy its employment tax obligations through avenues of collection such as seizure and distraint." (*Id.*) The IRS also assessed Trust Fund Recovery Penalties against Metts to hold her personally liable for the obligations and filed Notices of Federal Tax Lien against Palmetto in Richland County, South Carolina. (*Id.* at 6 ¶¶ 16–17.)

The Government thereafter brough suit against Palmetto and Metts on October 31, 2019. Metts was personally served with the summons issued to Palmetto and the summons issued to her on December 19, 2019, but neither of the defendants have responded. The Government subsequently requested and received an Entry of Default by the Clerk (ECF No. 11) and filed the instant Motion for Default Judgment (ECF No. 14). To date, Defendants have not entered an appearance or otherwise responded in the instant action.

## II.     DISCUSSION

The court may enter a default judgment against a party that has not properly responded to a complaint in a timely manner. FED. R. CIV. P. § 55. A defendant has twenty-one days "after being served with the summons and complaint" to file a written response before the court enters a default judgment. . *See* FED. R. CIV. P. § 12(a)(1). When a defendant defaults, the court is to accept as true the well-pleaded factual allegations in the complaint as to the defendant's liability. *See Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780–81 (4th Cir. 2001).

Defendants failed to plead, appear, or otherwise defend against the instant action. Consequently, there is no evidence to refute the Government's allegations and/or evidence as to the amount owed based upon the tax assessments and IRS levies against Palmetto. The

2

Government's allegations and/or evidence are sufficient to establish Defendants' responsibility for failing to comply with the IRS obligations described in the Complaint and Motion. Thus, the Government's allegations in the Complaint are deemed admitted and it is entitled to a default judgment against Defendants pursuant to Rule 55(b)(2). *See, e.g., Bank Meridian, N.A. v. Motor Yacht "It's 5 O'Clock Somewhere" Official No. 1073764,* No. 2:09-CV-0594-MBS, 2011 WL 2491369, at *2 (D.S.C. June 21, 2011); *see also J&J Sports Prods., Inc. v. Collective Minds, LLC*, No. 3:17-CV-02346-CMC, 2017 WL 5988207, at *1 (D.S.C. Dec. 4, 2017) (noting that liability is established by a defendant's default); *J&J Sports Prods., Inc. v. Segura*, No. 3:12-CV-03241-CMC, 2013 WL 1194844, at *2 (D.S.C. Mar. 22, 2013) (same).

The government also seeks injunctive relief pursuant to 26 U.S.C. § 7402(a), which provides "an additional mechanism for a district court 'to make and issue in civil actions, writs and orders of injunction . . . as may be necessary or appropriate for the enforcement of the internal revenue laws.'" *United States v. Zen Enterprises*, No. 19-3294, 2021 WL 3112931, at *4 (citing 26 U.S.C. § 7402(a)). Courts are split as to the standard for granting an injunction pursuant to § 7402(a). *See id.*; *United States v. Chesapeake Firestop Prods.*, 2018 U.S. Dist. LEXIS 131348, 2018 WL 3729036, at *3 (D. Md. Aug. 6, 2018). The Fourth Circuit has not determined whether the United States must only show that an injunction is "necessary or appropriate" to enforce the internal revenue laws or whether the "decision to issue an injunction under § 7402(a) is governed by the traditional factors shaping the district court's use of the equitable remedy." *Zen Enterprises*, 2021 WL 3112931, at * 5. Here, after careful review, the court finds an injunction would be appropriate under either standard.

An injunction is appropriate under § 7402(a) "if the defendant is reasonably likely to violate the federal laws again." *Id.* The Government alleges Defendants "continue to skirt their

federal tax obligations despite proper notice and demand for payment, bank account levies, and recordation of multiples Notices of Federal Tax Lien, and the IRS has deemed the defendants' liabilities to be uncollectable." (ECF No. 14-1 at 7–8.) Additionally, Defendants have shown no intention of complying with their tax obligations. (*Id.*) As such, an injunction is necessary and appropriate for the enforcement of the internal revenue laws under 26 U.S.C. § 7402(a).

Under traditional equitable principles, an injunction is appropriate when a plaintiff demonstrates "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as money damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Legends Night Club v. Miller*, 637 F.3d 291, 297 (4th Cir. 2011). The Government has satisfied each of these elements.

First, the Government has suffered and will continue to suffer irreparable harm as a result of Defendants' conduct including "the loss of tax revenue, including the loss of the employees' [Federal Income Contributions Act] and income taxes for which the employees already have received credit." (ECF No. 14-1 at 8–9.) Second, the Government has no adequate remedy at law to redress its injuries, as illustrated by its numerous failed attempts to collect from Defendants. (*Id.* at 9.) Third, balancing the hardships of the parties, an injunction would not impose new obligations on Defendants, it would merely confirm their preexisting obligation to pay employment taxes. (*Id.* at 10.) Fourth, an injunction will not be a disservice to the public interest because it reverses the unfair advantage Defendants presently have over competitors and shows that noncompliance with tax laws is unacceptable. (*Id.*)

After careful review, the court finds the Government is entitled to default judgment and injunctive relief is appropriate.

### III.    CONCLUSION

Based upon the foregoing, the Government's Motion for Permanent Injunction by Default Against Defendants is **GRANTED**.  The Clerk of Court is directed to enter judgment against the defendants, Kathy Metts and her company, Palmetto Precast Incorporated, and to send a copy of this Order to the defendants by certified mail at the address where service was obtained on the defendants.

It is further **ORDERED** that:

1.    Palmetto and its representatives, agents, servants, employees, attorneys, successors in interest and assigns, and anyone in active concert or participation with it, is enjoined from failing to withhold and pay over to the IRS all employment taxes, federal income and Federal Insurance Contributions Act ("FICA") taxes withheld from employees' wages, as well as Palmetto's own FICA and Federal Unemployment Tax Act ("FUTA") taxes required by law;

2.    Palmetto shall deposit withheld income and FICA taxes, as well as Palmetto's share of FICA taxes, in an appropriate federal depository bank in accordance with the federal deposit regulations;

3.    Palmetto shall deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with the federal deposit regulations;

4.    Palmetto and those individuals at Palmetto who are responsible for carrying out the duties established under paragraphs 2 and 3, above, including defendant Kathy Metts, shall provide proof to IRS Advisor/Reviewer Shannon Glaze, IRS Civil Enforcement Advice & Support Operations (CEASO) NC/SC, 440 Roper Mountain Road, Suite E, Greenville, SC 29615, or to such other specific location as the IRS may specify, no later than the 20th day of each month, that

5

the requisite withheld income taxes, FICA taxes (both the employee's withheld portions and the employer's portion), and the FUTA tax deposits were timely made;

5.    Palmetto shall timely file all employment tax returns with IRS Advisor/Reviewer Shannon Glaze at the address listed in paragraph 4, above, or to such other specific location as the IRS may specify;

6.    Palmetto shall timely pay all required outstanding liabilities due on each tax return required to be filed;

7.    Palmetto and its representatives, agents, servants, employees, attorneys, successors in interest and assigns, and anyone in active concert or participation with it, in the event all required outstanding liabilities due on each tax return required to be filed going forward from the date of the injunction are not timely paid, are enjoined from assigning any property or rights to property or making any disbursements before paying the delinquent federal employment and unemployment taxes due for a given payroll period;

8.    Kathy Metts shall give written notification to IRS Advisor/Reviewer Shannon Glaze, or such other person as the IRS may specify, within 30 days of any new business defendants may come to own or manage, in the next five (5) years;

9.    For the avoidance of doubt, paragraphs 1 through 7, above, do not apply to the employer's share of social security taxes during the pendency of the deferral period described in § 2302 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281, 351 (2020); provided, however, that paragraphs 1 through 7 shall apply in full force and effect to the employer's share of social security taxes after the expiration of the deferral period described in § 2302 of the CARES Act beginning on January 1, 2021;

10.     For the avoidance of doubt, paragraphs 1 through 7, above, do not apply to the employee's share of social security taxes during the pendency of the deferral period described in the August 8, 2020, Presidential Memorandum titled Deferring Payroll Tax Obligations in Light of the Ongoing COVID-19 Disaster and IRS Notice 2020-65, 2020-38 I.R.B. 567 (Sept. 14, 2020); provided, however, that paragraphs 1 through 7 shall apply in full force and effect to the employee's share of social security taxes after the expiration of the deferral period; and

11.     The court retains jurisdiction over this case to ensure compliance with this injunction, including authority to punish any violations.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 25, 2021
Columbia, South Carolina